USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMIE WOHLBACH and JANE DOES 1–30,

          Plaintiffs,

– against –

ERIC ZIADY, JOSEPH N. SHIRLEY, UNIVERSITY OF DELAWARE, JOHN DOES (1–7), and JANE DOES (1–3),

          Defendants.

**OPINION AND ORDER**

17 Civ. 5790 (ER)

Ramos, D.J.:

Jamie Wohlbach brings this action against Eric Ziady, Joseph N. Shirley (collectively, the "Individual Defendants"), and the University of Delaware ("the University"), asserting several federal and state causes of actions arising out of her employment as the head coach of the women's softball team at the University. In the instant motion, Defendants move to dismiss the amended complaint ("Am. Compl.") (Doc. 5) pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). Doc. 17. Wohlbach moves to transfer this case to the District of Delaware pursuant to 28 U.S.C §§ 1404(a), 1406(a). Doc. 20. For the reasons set forth below, Defendants' motion to dismiss is GRANTED and Wohlbach's motion to transfer venue is DENIED.

**I. FACTUAL BACKGROUND**[1]

At all times relevant to this dispute, Jamie Wohlbach was a Delaware resident and was

---

[1] As a 12(b)(2) motion is "inherently a matter requiring the resolution of factual issues outside of the pleadings," courts may rely on additional materials extrinsic to the complaint. *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co., Ltd.*, 91 Civ. 3644 (CES), 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992). The following facts, drawn from the amended complaint and parties' submissions, are construed in the light most favorable to Wohlbach. *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, 00 Civ. 5663 (MBM), 2001 WL

the head coach of the women's softball team at the University of Delaware. Am. Compl. ¶¶ 6, 19. The University of Delaware operates exclusively in Delaware and has no campuses in New York. Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Defs.' Mem.") (Doc. 18) at 1–2. At all times relevant to the amended complaint, Ziady and Shirley were employees of the University.[2] *Id.* at 1.

Wohlbach alleges that during her employment, the University failed to abide by the Title IX guidelines and discriminated against her and the women's softball team. Am. Compl. at 8, 9.[3] Specifically, the University denied the softball team the funding designated by the state of Delaware for the program and applied it elsewhere. *Id.* at 9. After Wohlbach complained about the misappropriation of this funding, the Individual Defendants allegedly created a hostile work environment and retaliated against her. *Id.* ¶¶ 13, 16. The Individual Defendants assigned her to ministerial duties, ostracized, mocked, and ridiculed her, and solicited players' parents to complain about her. *Id.* ¶¶ 13, 17. Wohlbach further alleges that the University failed to compensate her for the work performed and prevented her from taking assignments that would have led to increased pay. *Id.* ¶ 28. Wohlbach was paid less than the University's baseball coach and her male successor as the softball coach. *Id.* ¶¶ 14, 28. On July 31, 2015, the

---

1468168, at *1 (S.D.N.Y. Nov. 19, 2001) (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 n.2 (S.D.N.Y. 1995)).

[2] The amended complaint alleges that Defendant Ziady could be served at 23 East 52nd Street, New York, NY 10022, and that Defendant Shirley could be served at 108 Cameron Drive, Hockessin, DE 19707. Am. Compl. ¶ 3. Ziady was in fact served in Rhode Island. *See* Doc. 6. Neither party explained Ziady's and Shirley's positions at the University. The Court understands Ziady to be the athletic director of the University from 2012 until December 31, 2015. *University of Delaware AD Eric Ziady Stepping Down Effective Dec. 31*, University of Delaware Blue Hens (Dec. 21, 2015, 11:10 AM), https://bluehens.com/news/2015/12/21/210594118.aspx. Shirley was a supervisee of Ziady. Am. Compl. ¶ 9.

[3] The paragraphs in the amended complaint are numbered inconsistently. For example, following paragraph 21 on page 6, the paragraphs under Section A of Wolhbach's statement of claims are labeled 1–7, and then 23. For clarity, the Court cites to page numbers when referencing claims 1–7 under Section A of the statement of claims.

University terminated Wohlbach's position as the head coach of the women's softball team. *Id.* ¶ 19.

## II. PROCEDURAL BACKGROUND

Wohlbach filed the complaint on July 31, 2017, *see* Compl. (Doc. 1), and amended the complaint on October 30, 2017. *See* Am. Compl. On February 12, 2018, Defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(2) and (3) of Federal Rules of Civil Procedure. Doc. 17. In response, Wohlbach moved to transfer the case to the District of Delaware pursuant to 28 U.S.C §§ 1404(a), 1406(a). Doc. 20.

## III. LEGAL STANDARD

### A. Standards under Rules 12(b)(2) and (3)

"The legal standard for a motion to dismiss for improper venue is the same as a motion to dismiss for lack of personal jurisdiction." *Casville Invs., Ltd. v. Kates*, 12 Civ. 6968 (RA), 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). "When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." *Id.* (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Savoy Senior Hous. Corp. v. TRBC Ministries*, 401 B.R. 589, 596 (S.D.N.Y. 2009)). To meet this burden, the plaintiff must plead facts sufficient for a prima facie showing of jurisdiction or venue. *Glasbrenner*, 417 F.3d at 355 (citing *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)).[4]

In diversity actions, personal jurisdiction is determined in accordance with the law of the

---

[4] This is the standard when the court addresses jurisdiction or venue based solely on pleadings and affidavits. At an evidentiary hearing or trial, "the plaintiff must demonstrate [venue or jurisdiction] by a preponderance of the evidence." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citing *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)).

forum in which the federal court sits. *Sirius Am. Ins. Co. v. SCPIE Indem. Co.*, 461 F. Supp. 2d 155, 160 (S.D.N.Y. 2006). In determining personal jurisdiction over a non-domiciliary, New York courts engage in a two-step analysis. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243–44 (2d Cir. 2007)). The first step is the application of New York's long-arm statute. *Id.* If the exercise of personal jurisdiction is deemed appropriate pursuant to the long-arm statute, the second step is to determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Id.* at 164. Under New York's long-arm statute, the Court may exercise personal jurisdiction over a non-resident defendant who: "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state . . .; or (3) commits a tortious act without the state causing injury to person or property within the state . . .; or (4) owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a) (McKinney).

Venue is proper in the chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the district is located; (2) a "substantial part" of the events giving rise to the claim occurred in the district; or (3) the defendant is subject to personal jurisdiction in the district and "there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b). Venue is improper when a defendant does not reside in the state at issue, even if a co-defendant does reside in the district in which the suit is brought. *Gerety v. Sunrise Express, Inc.*, 95 Civ. 2090 (HB), 1996 WL 19047, at *2 (S.D.N.Y. Jan. 18, 1996) (citing *Camp v. Gress*, 250 U.S. 308, 315 (1919)).

**B.     Motion to Transfer**

Both § 1404(a) and § 1406(a) allow a case to be transferred to another federal district in

which the action might have been brought. *See* 28 U.S.C §§ 1404(a), 1406(a). In other words, the receiving court must be a proper venue and must possess personal jurisdiction over the defendants. *See Carlton Int'l, PLC. v. American Concord Techage, Inc.*, 94 Civ. 3750 (JFK), 1995 WL 450274, at *4 (S.D.N.Y. July 31, 1995) (holding that § 1404(a) does not permit transfer to a district with which the defendant has no contact (citing *Foster-Milburn Co. v. Knight*, 181 F.2d 949, 952 (2d Cir. 1950))); *see also Gibbons v. Fronton*, 661 F. Supp. 2d 429, 434 (S.D.N.Y. 2009) (holding that § 1406(a) only permits transfer to a forum in which venue is proper and the defendants are subject to personal jurisdiction (citing *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991))).

Section 1404(a) allows a court to transfer a civil action to the more convenient district court if the action presents issues and requires witnesses that make one district more convenient than another. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 248 (E.D.N.Y. 2012) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Section 1404(a) is only available when the court initiating the transfer is the proper venue and has personal jurisdiction over the defendant. *Kelly-Brown v. Winfrey*, 11 Civ. 07875 (PAC), 2013 WL 6574918, at *1 (S.D.N.Y. Dec. 12, 2013) (citing *Lafferty v. St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007)).

When the district court initiating the transfer is not the proper venue of the action, § 1406 governs, and a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The purpose of § 1406(a) is to "avoid[] the injustice which had often resulted to plaintiffs from dismissal of their actions merely

because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (internal quotation marks omitted) (quoting *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962)). Section 1406(a) has been interpreted broadly to "authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Gibbons*, 661 F. Supp. 2d at 434 (citing *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978)). However, the Second Circuit has held that a transfer should not be granted when it would "reward plaintiffs for their lack of diligence in choosing a proper forum" and allow them to "bargain hunt" forums after they commenced the action. *Spar*, 956 F.2d at 394–95 (2d Cir. 1992).

## IV. DISCUSSION

### A. Motion to Transfer

Both parties agree that venue is not proper in the Southern District of New York.[5] Plaintiff's Memorandum in Support of Motion to Transfer Venue ("Pl.'s Mem.") (Doc. 20) at 2; Defs.' Mem. at 10. Under § 1406(a), the Court has discretion to either dismiss the amended complaint or transfer the case to another district in the interest of justice regardless of whether this Court has personal jurisdiction over Defendants. *See* 28 U.S.C. § 1406(a); *Gibbons*, 661 F. Supp. 2d at 434. Therefore, this Court considers Wohlbach's motion to transfer before considering Defendants' motion to dismiss. *See Alexander & Alexander, Inc. v. Donald F.*

---

[5] Since venue is not proper here, transfer pursuant to § 1404(a) is not appropriate. *See Kelly-Brown*, 2013 WL 6574918, at *1 ("[A transfer pursuant to § 1404(a)] presuppose[s] that . . . [the case] has been brought in the correct forum.").

6

*Muldoon & Co.*, 685 F. Supp. 346, 348 (S.D.N.Y. 1988) ("[W]here motions to dismiss for lack of personal jurisdiction and venue are joined with a motion to transfer, the transfer motion may be considered first.").

Since the Court can only transfer the case to a district that is the proper venue and has personal jurisdiction over Defendants, Wohlbach bears the burden of establishing that the District of Delaware is the proper venue and has personal jurisdiction over Defendants.[6] *See Alexander & Alexander*, 685 F. Supp. at 350 ("The proponents of the transfer motions . . . bear the burden of establishing that personal jurisdiction and venue are proper [in the transferee forum]."). It is undisputed that the University of Delaware operates exclusively in Delaware and is thus subject to personal jurisdiction in Delaware. Defs.' Mem. at 1. It is also undisputed that the Individual Defendants were employed by the University and all of the events upon which Wohlbach premises her allegations occurred in Delaware. Am. Compl. ¶¶ 7–21; Defs.' Mem. at 1. Therefore, the Individual Defendants are subject to personal jurisdiction in Delaware,[7] and venue properly lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b)(2).[8]

The Court next considers whether it is in the interest of justice to transfer the case to the District of Delaware. The Second Circuit has interpreted § 1406(a) broadly to allow transfers, especially when a plaintiff's claims would be time-barred by the applicable statutes of limitations

---

[6] Some courts have found that a court cannot transfer a case pursuant to § 1406(a) if the court lacks subject matter jurisdiction. *Corke*, 572 F.2d at 79 n.6. The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 because Wohlbach brings several federal causes of actions arising under 29 U.S.C. § 206, 20 U.S.C. § 1681, and 42 U.S.C. § 1983. Am. Compl. ¶¶ 28, 33, 35.

[7] Delaware courts may exercise personal jurisdiction over any nonresident who "performs any character of work or service in the State" or "[c]auses tortious injury in the State by an act or omission in the State." Del. Code Ann. tit. 10, § 3104(c) (West 2008).

[8] Defendants do not contest that they would be subject to personal jurisdiction in Delaware and that venue would be proper in the District of Delaware.

if she refiles the case. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum."); *see also Corke*, 572 F.2d at 80 (holding that an important purpose of § 1406(a) is to address the situation in which a statute of limitations would bar a plaintiff from refiling the case in the proper forum). If Wohlbach refiles her case in the District of Delaware, it appears that her federal causes of actions will be time-barred by the applicable statute of limitations there. *See* Del. Code Ann. tit. 10 § 8119 (West 2018). This consideration alone favors the transfer of this case so it can be adjudicated on the merits. *See Gibbons*, 661 F. Supp. 2d at 435 (holding that it would be in the interest of justice for plaintiffs to have their suit adjudicated on the merits (*citing Porter v. Groat*, 840 F.2d 255, 253 (4th Cir. 1988))).[9]

The Court is, however, concerned with the fact that Wohlbach failed to state even a colorable basis for venue in the amended complaint. Under such circumstance, courts in this Circuit have dismissed the complaint instead of transferring the case. *See Daros v. Tokoyo*, 05 Civ. 775 (DLI) (VVP), 2005 WL 1229734, at *1–3 (E.D.N.Y. May 23, 2005) (denying the plaintiffs' motion to transfer on the grounds that their complaint lacks even a colorable basis for venue); *see also Feldman v. L & M Mowing, Inc.*, 98 Civ. 4246 (SJ), 1999 WL 284983, at *3 (E.D.N.Y. May 3, 1999) (same). Wohlbach claims that she believed that venue was proper here because she thought Ziady lived and worked in District. Pl.'s Mem. at 2. However, even

---

[9] Defendants argue that Wohlbach's Title IX claims would have been time-barred by Delaware's two-year statute of limitations if she had filed there in the first instance. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Transfer ("Defs.' Opp'n") (Doc. 21) at 7. They argue that Wohlbach filed her complaint in this District to benefit from New York's longer statute of limitations. *Id.* The Court expresses no view on whether Wohlbach's claims would have been time-barred in Delaware if she had filed there in the first instance.

assuming Ziady lived and worked in this District, venue would still not be proper here under § 1391(b). First, there were no allegations that either Shirley or the University resided in New York, so venue could not be proper under § 1391(b)(1). *See Gerety*, 1996 WL 19047, at *2 ("Suit cannot be brought against multiple defendants pursuant to [§ 1391(b)(1)] in a state in which some but not all of the defendants reside."). Second, although Wohlbach now claims that a substantial part of the events giving rise to her claims occurred in New York because Ziady lived and worked in this District, Pl.'s Mem. at 2, she alleges that all of the relevant events, including the ones Ziady engaged in, took place in Delaware. *See* Am. Compl. ¶¶ 6–21. Therefore, it cannot be said that a substantial part of the events giving rise to Wohlbach's claims occurred in New York, as required for venue to be proper under § 1391(b)(2). *See Glasbrenner*, 417 F.3d at 357 ("[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question."). Finally, because the parties acknowledge that the District of Delaware is the proper venue for this action, it cannot be true that there was no other district besides this one in which this action may otherwise be brought. *See Gonsalves-Carvalhal v. Aurora Bank, FSB*, 12 Civ. 2790 (MKB), 2014 WL 201502, at *7 (E.D.N.Y. 2014) (holding that § 1391(b)(3) is not applicable when the venue would be proper in the Northern District of Georgia but the action was instead brought in the Eastern District of New York).

Although § 1406(a) generally allows a plaintiff to transfer her case when refiling the case will be time-barred by the applicable statute of limitations, its protection is not without limits. The purpose of § 1406 is to protect "plaintiffs who were *diligent* in initiating suit [from] forfeit[ing] their action as a result of venue quirks of which *responsible* plaintiffs would not necessarily have known." *Spar*, 956 F.2d at 394 (quoting *Goldlawr*, 369 U.S. at 466) (emphasis

9

added). Wohlbach was well aware that all the relevant events occurred in Delaware, and that Shirley and the University both resided in Delaware. *See* Am. Compl ¶¶ 6–21. Despite that, she chose to file the Complaint in this District without providing any colorable basis for venue here. Wohlbach's decision to file her case in this District is not a result of "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn," but of her lack of diligence in meeting the clear jurisdictional bar of 28 U.S.C. § 1391. *Spar*, 956 F.2d at 394 (quoting *Goldlawr*, 369 U.S. at 466). It is therefore not in the interest of justice to transfer this case. *See Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 407–08 (S.D.N.Y. 2004) ("If a plaintiff has ignored a clear jurisdictional bar in filing suit in a particular forum, dismissal rather than transfer is often warranted . . . ."); *see also Spar*, 956 F.2d at 394 ("Allowing a transfer . . . would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice"). Accordingly, the case is dismissed pursuant to 28 U.S.C. § 1406(a) and Rule 12(b)(3) of the Federal Rules of Civil Procedure.[10]

**B.     Amendment**

The Court next considers Wohlbach's request for leave to amend the complaint pursuant to Rule 15 of Federal Rules of Civil Procedure. Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") (Doc. 22) at 9. Rule 15(a)(2) instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny a motion for leave to amend for "[a] good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)

---

[10] Since the case is dismissed for a lack of proper venue, the Court need not consider whether Defendants are subject to personal jurisdiction in New York.

(internal quotation marks omitted). Amendment is futile when "the proposed amended complaint would not withstand a motion to dismiss." *Pablo Star Ltd. v. Welsh Government*, 15 Civ. 1167 (JPO), 2018 WL 2041715, at *1 (S.D.N.Y. May 1, 2018) (internal quotation marks omitted) (quoting *Itakura v. Primavera Galleries Inc.*, 08 Civ. 9027 (HB), 2009 WL 1873530, at *2 (S.D.N.Y. June 30, 2009)).

Here, Wohlbach concedes that Defendants lived, worked, and committed all the acts giving rise to her claims outside of New York. Am. Compl. ¶¶ 3–21; Pl.'s Mem. at 2. Wohlbach fails to explain how she could further amend her complaint to avoid dismissal for improper venue. *See* Pl.'s Opp'n at 9. The Court thus denies Wohbach's request for leave to amend and grants Defendants' motion to dismiss with prejudice. *See Amaker v. Haponik*, 198 F.R.D. 386, 392 (S.D.N.Y. 2000) (denying the plaintiff's motion to amend because the claims cannot survive a motion for improper venue); *see also Campo v. Sears Holdings Corp.*, 371 Fed. Appx. 212, 218 (2d Cir. 2010) (denying plaintiffs' leave to amend when they failed to explain how they would cure the defects in the complaint).

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) is GRANTED with prejudice, and Wohlbach's motion to transfer venue is DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 17 and 20, and to close the case.

SO ORDERED.

Dated: July 25, 2018
      New York, New York

                                                Edgardo Ramos, U.S.D.J.